Jonathan DiBello,     :
     Petitioner   :
           :
  v.        :
           :
Public Utility Commission,  : No. 159 C.D. 2024
     Respondent : Submitted: November 6, 2025


BEFORE: HONORABLE ANNE E. COVEY, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION BY
JUDGE COVEY         FILED: January 27, 2026


    Jonathan DiBello (Petitioner) petitions this Court pro se for review of the Public Utility Commission's (PUC) December 7, 2023 order denying his Exceptions, adopting the Administrative Law Judge's (ALJ) September 27, 2023 Initial Decision, and dismissing Petitioner's Formal Complaint (Complaint) against PECO Energy Company (PECO). Petitioner presents one issue for this Court's review: whether the PUC erred by concluding that PECO was entitled to judgment as a matter of law and that the PUC lacked jurisdiction to address Petitioner's request for a payment arrangement regarding his post-Chapter 13 bankruptcy petition account and arrearages with PECO.[1] After review, this Court affirms.

    Petitioner filed an Informal Complaint with the PUC requesting a payment arrangement based on Petitioner's pending Chapter 13 bankruptcy action. On July 6, 2023, the PUC's Bureau of Consumer Services (BCS) denied Petitioner's

---

[1] In his Statement of Questions Involved, Petitioner included a second issue - whether the PUC has jurisdiction to address Petitioner's request for a payment arrangement regarding his post-petition account and arrearages with PECO. *See* Petitioner Br. at 8. Because this issue is subsumed in the first issue, it will be addressed accordingly.

Informal Complaint. On July 19, 2023, Petitioner appealed from the BCS's decision to the PUC by filing the Complaint. Therein, Petitioner stated: (1) he is unable to pay his PECO bills timely and in full; (2) PECO was threatening to terminate, or had already terminated, his electrical service; and (3) the PUC wrongfully denied his request for a payment arrangement based on its finding that it did not have jurisdiction to establish a payment arrangement for past due balances accrued after the filing of a Chapter 13 bankruptcy petition. On August 7, 2023, PECO filed an Answer and New Matter and Preliminary Objections to the Complaint. Petitioner filed a Response opposing PECO's Preliminary Objections on August 17, 2023. On September 5, 2023, Petitioner filed an untimely Response to PECO's New Matter, denying PECO's New Matter material allegations.

On September 27, 2023, the ALJ issued the Initial Decision, recommending that the PUC sustain PECO's Preliminary Objection for lack of subject matter jurisdiction and dismiss the Complaint. Petitioner filed his Exceptions to the Initial Decision on October 16, 2023. PECO filed its Reply to the Exceptions on October 23, 2023.[2] On December 7, 2023, the PUC denied Petitioner's Exceptions, adopted the ALJ's Initial Decision, and dismissed the Complaint. Petitioner appealed to this Court.[3]

---

[2] On November 8, 2023, Petitioner filed a SurReply to Reply Exceptions of PECO, which the PUC did not consider because its Regulations do not allow for the filing of sur-replies to Reply Exceptions. *See* Section 5.535 of the PUC's Regulations, 52 Pa. Code § 5.535.

[3]     This Court's review of a PUC adjudication determines "whether constitutional rights have been violated, an error of law has been committed, or the [PUC's] findings and conclusions are, or are not, supported by substantial evidence." *Barasch v.* [*Pa.*] *Pub*[.] *Util*[.] *Comm*['*n*], . . . 493 A.2d 653, 655 ([Pa.] 1985). As to questions of law, this Court's scope of review is plenary, and its standard of review is *de novo*.

*Twin Lake Utils., Inc. v. Pa. Pub. Util. Comm'n*, 281 A.3d 384, 389 n.5 (Pa. Cmwlth. 2022).

2

Petitioner argues that former Section 1405(a) of the Public Utility Code (Code)[4] authorizes the PUC to investigate complaints regarding payment disputes between a public utility, applicants, and customers and to establish payment arrangements between a public utility, customers, and applicants within the Code's limits. Petitioner contends that, were it not for the fact that Petitioner had filed for Chapter 13 bankruptcy, he would have been entitled to seek the PUC's assistance in establishing a payment arrangement between himself and PECO for his overdue electric bill so that he could maintain electric service to his home. Petitioner asserts that this is a case of first impression in Pennsylvania; however, *In re Begley*, 41 B.R. 402 (E.D. Pa. 1984) (*Begley I*), *aff'd*, 760 F.2d 46 (3d Cir. 1985), and *In re Begley*, 46 B.R. 707 (E.D. Pa. 1984) (*Begley II*), are instructive and support his position.

The PUC rejoins that a Chapter 13 bankruptcy allows people with regular income to reorganize their debts and pay them off over time. The PUC asserts that the sole purpose of a Chapter 13 bankruptcy is to establish a plan to repay debts (i.e., a repayment plan) which allows the debtor to make monthly payments to a court-appointed trustee, who then distributes the money to creditors. The PUC retorts that it is well accepted that during the course of an ongoing bankruptcy proceeding, the bankruptcy court maintains exclusive jurisdiction over the subject debtor's income and the manner in which that income may be distributed during the pendency of the bankruptcy proceeding.

Initially, former Section 1405(a) of the Code provided: "**General rule.**—The [PUC] is authorized to investigate complaints regarding payment disputes between a public utility, applicants[,] and customers. The [PUC] is authorized to establish payment arrangements between a public utility, customers[,]

---

[4] *Former* 66 Pa.C.S. § 1405 (relating to payment arrangements). Former Section 1405 of the Code expired effective December 31, 2024.

3

and applicants within the limits established by [the Code]." *Former* 66 Pa.C.S. § 1405. However, Section 1334(a) of the United States Judicial Code (Judicial Code) provides: "[T]he district courts shall have original and exclusive jurisdiction of all cases under [T]itle 11 [Bankruptcy,]" which includes Chapter 13 bankruptcies. 28 U.S.C. § 1334(a). Further, Section 1334(e) of the Judicial Code states, in pertinent part:

> The district court in which a case under [T]itle 11 [of the United States Code] is commenced or is pending shall have exclusive jurisdiction--
>
> **(1)** of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate[.]

28 U.S.C. § 1334(e). Moreover, Section 1306(a) of the United States Bankruptcy Code (Bankruptcy Code) specifies, in relevant part:

> [p]roperty of the estate includes, in addition to the property specified in [S]ection 541 of [the Bankruptcy Code, 11 U.S.C. § 541[5]] --
>
> **(1) all property** of the kind specified in such section that **the debtor acquires after the commencement of the case but before the case is closed**, dismissed, or converted to a case under [C]hapter 7, 11, or 12 of this title, whichever occurs first[.]

11 U.S.C. § 1306(a) (text emphasis added).

Petitioner cites to *Begley I* and *Begley II* as support for his position. However, the *Begley II* Court expressly held:

> [T]he PUC does not violate [S]ection 525 [of the Bankruptcy Code, 11 U.S.C. § 525 (relating to

---

[5] Section 541(a) of the Bankruptcy Code provides that a bankruptcy estate is comprised of all the following property, wherever located and by whomever held: "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a).

discrimination)] when it declines to enforce utilities' obligations to negotiate reasonable payment agreements with [C]**hapter 7 bankruptcy debtors**, during the pendency of bankruptcy proceedings before terminating the debtors' utility service for failure to remain current on their post-petition utility bills.

*Begley II*, 46 B.R. at 716 (emphasis added).

The PUC aptly explained:

**In a Chapter 7 bankruptcy proceeding a debtor's estate is expeditiously liquidated and distributed to creditors**, however, **a Chapter 13 bankruptcy allows a debtor to repay debts under the management of a bankruptcy trustee**, **who controls the debtor's estate and makes the distributions** (based on determinations of the debtor's income and expenses) **until the bankruptcy petition is discharged or dismissed**. Pursuant to Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1306(a)(1) and (2), the debtor's estate includes both property and earnings acquired ". . . after the commencement of the case but before the case is closed, dismissed, or converted to a case under [C]hapter 7, or 11, or 12 of this title [11 U.S.C. §§ 701 et seq., 1101 et seq., or 1201 et seq.], whichever occurs first." Or, as explained by the United States Court of Appeals for the Third Circuit in *Begley v. Philadelphia Electric Co.*, 760 F.2d 46, 50 (3d Cir. Pa. 1985), discussing a [PUC] proceeding (*Anyanwu v. Philadelphia Electric Co.*, 55 Pa. P.U.C. 221 (1981))[:] "Further, ***Anyanwu* involved a Chapter 13 reorganization**, **under which the bankruptcy court retains jurisdiction over both pre-petition and post-petition income and obligations** . . . ." *Chavous v. PECO Energy Co.*, Docket No, F-2010-2215689, at 5-6 (Final Order entered December 20, 2011).

Accordingly, the [PUC] is without jurisdiction to issue an order that affects the disposition of a debtor's income or assets, since, as noted above, all of a debtor's estate (including property and income acquired post-petition) is subject to the exclusive control of the bankruptcy trustee. By statute, all of a debtor's assets (with certain limited exceptions not relevant here), whether acquired pre- or post-petition, is included within the estate for disposition by the Bankruptcy Court. *Id*. at 6.

5

PUC Op. at 12 (emphasis added). Thus, because Petitioner has an open Chapter 13 bankruptcy, the PUC properly held that it did not have jurisdiction to address Petitioner's request for a payment arrangement regarding his post-petition account and arrearages with PECO.

        For all of the above reasons, the PUC's order is affirmed.


_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jonathan DiBello,             :
          Petitioner       :
                              :
      v.                   :
                              :
Public Utility Commission,      :      No. 159 C.D. 2024
          Respondent     :

## O R D E R

AND NOW, this 27th day of January, 2026, the Public Utility Commission's December 7, 2023 order is affirmed.


_____
ANNE E. COVEY, Judge